Mr. Justice Cox
delivered the opinion of the court:
This was a scire facias issued to revive a judgment recovered against George F. Kirk and Samuel Strong. The defendant Kirk, by his attorney, pleaded as follows:
1st. That the said judgment, before the issuing out of the said writ of scire facias had been transferred to the use of the said Samuel Strong, and that the said writ was sued out against the said Kirk, for the use of the said Strong, and that the said judgment was obtained upon a cause of action in and upon which the said Strong was primarily liable and in respect to which the said Strong has no cause of action of any kind against the said Kirk.
2d. That before the suing out of the said writ, the principal, interest, and costs therein mentioned, had been paid by the said Strong, there being a judgment against him for the same in this said action, which said payment was a satisfaction and discharge of the said judgment.
On the trial there were only two exceptions taken. There was a verdict for the plaintiff, and there was a motion for a new trial on the ground, first, that the verdict is contrary to the evidence; second, that the evidence was insufficient in law to sustain the verdict; and, third, that at the trial the court erred in its rulings upon questions of law, which are enumerated in the bill of exceptions.
The evidence on the part of the defendant shows that the note on which the judgment was rendered was executed by Kirk to Strong, without any consideration, to raise money *337 upon; that Strong raised the money upon it by transferring it to General Butler for value; and that Strong applied it entirely to his own use. Afterwards, General Butler brought suit upon the note in the name of Flagg, by the latter’s consent, as it was disagreeable for him to appear as plaintiff, perhaps. One witness testified that Flagg admitted that he had no interest in it, but that he had allowed General Butler, for his convenience, to use his name in bringing suit upon it. Under that condition of things, judgment was recovered against Kirk as maker, and Strong as indorser.- Afterwards, a settlement took place, as everybody knows, between General Butler and Strong, which resulted in the assignment of a portion of Strong’s claim against the District of Columbia to General Butler, and, in that settlement, this judgment and sundry other securities that General Butler had were reassigned to Strong, and Strong’s receipt for them is produced as follows:
“Received of Benj. F. Butler, in settlement made April 3, 1885, the following papers: Deed dated December 13, 1884, of certain lands in Virginia; also a like deed of some other lands; also an assignment of the Kirk judgment from John H. Flagg.”
That is to say, General Butler had'obtained this judgment through Flagg and assigned it to Samuel Strong, who was, according to Mr. Kirk’s testimony, the principal debtor.
Now, at the request, however, of Samuel Strong, the reassignment was not made to him, but to his brother Robert. Robert was put upon the stand, and he says that he paid nothing for the assignment from Flagg to him; that he had no interest in it at all; that his brother told him that he had caused the assignment to be made to him, and that his brother afterwards requested him to bring suit on the judgment against Kirk, but he refused to do it as he did not want to be involved in a law suit, as he had no interest in it, and at his brother’s request, reassigned the judgment to Mr. Flagg. Now, this evidence is not contradicted, and it shows that Samuel Strong obtained this note for the purpose of rais *338 ing money on it, and that he raised the money from General Butler; Samuel Strong was the principal debtor, and when it was reassigned to him that was a satisfaction of it. How the jury could have found for the plaintiff we cannot understand. The court gave a very proper instruction, which was, that ‘ ‘if they believe from the evidence that Butler was the real and beneficial plaintiff, and that Flagg was only the nominal plaintiff; and if they further believe from the evidence that, on a settlement between Butler and Strong, the judgment now in controversy had been satisfied to Butler, they must find for the defendant.” Notwithstanding, the jury found for the plaintiff. It was a very plain case of a finding against the evidence, against the whole of the evidence, as there was nothing to contradict the evidence on the points mentioned. Butler reassigned the note to Robert Strong, who put it out again to Flagg who had no interest in it. Samuel Strong was the principal debtor, and as I have said, the judgment was satisfied when it was reassigned to him.

We therefore order a new trial.